Sherry S. Bragg, Esq. (Bar No. 132815)
sbragg@weintraub.com
Jacob C. Gonzales (Bar No. 235555)
jgonzales@weintraub.com
**WEINTRAUB TOBIN**
23 Corporate Plaza Drive, #200
Newport Beach, California  92660-7901
Tel: (949) 760-0204; Fax:  (949) 760-2507

**Attorneys for Defendants** FRENCH CONCEPTS, INC.,
d/b/a L'AMANDE FRENCH BAKERY, FRENCH
CONCEPTS BH, d/b/a L'AMANDE FRENCH BAKERY,
BARATOW LLC, ANALIZA MOITINHO DE ALMEIDA,
and GONCALO MOITINHO DE ALMEIDA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERMITA ALABADO, an individual, FERNANDO BELIDHON, an individual, ROMAR CUNANAN, an individual, ARMELINDA DELA CERNA, an individual, ELMER GENITO, an individual, WILFREDO LARIGA JR., an individual, LOUISE LUIS, an individual, GINA PABLO-GROSSMAN,  an individual, RECKY PUZON, an individual, RONALDO SANTIA, an individual,  and ROLANDO SURATOS, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> FRENCH CONCEPTS, INC., a California corporation, d/b/a L'AMANDE FRENCH BAKERY, FRENCH CONCEPTS BH, a California corporation,  d/b/a L'AMANDE FRENCH BAKERY, BARATOW LLC, ANALIZA MOITINHO DE ALMEIDA, an individual, and GONCALO MOITINHO DE ALMEIDA,  an individual, <br><br> Defendants. | **CASE NO.: 2:15-CV-02830-FMO-AJW** <br><br><br> **STIPULATED PROTECTIVE ORDER AND ORDER REGARDING DOCUMENT PRODUCTION PROTOCOLS** |

{00006743.DOCX;7}

1

1.     INTRODUCTION

1.1     <u>Purposes and Limitations</u>: Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment as defined here and under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

1.2     <u>Good Cause Statement</u>: This action is likely to involve confidential financial, business private and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential, proprietary and private materials and information consist of, among other things, confidential financial or proprietary business information, information regarding confidential business practices, or other confidential commercial information (including information implicating privacy rights of third parties), personal private information including social security numbers, taxpayer identification numbers, telephone numbers, e-mail addresses, other personal internet accounts and information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2.   DEFINITIONS

2.1   Action: this pending federal lawsuit.

2.2   Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3   "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement, provided they are designated as "CONFIDENTIAL" by any Party or Third Party in the manner set forth in this Protective Order or are subject to any other provision herein.

2.4   Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

2.5   Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6   Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including,

among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8    House Counsel: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10    Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.11    Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their regularly-employed support staff).

2.12    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.15    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.      SCOPE

        The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

        Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

4.      DURATION

        Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.      DESIGNATING PROTECTED MATERIAL

        5.1     Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection that Designating Party must promptly notify all other Parties in writing that it is withdrawing the inapplicable designation.

5.2     <u>Manner and Timing of Designations.</u> Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

    (a)     for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

All documents that contain private information such as social security numbers, medical information, tax payer identification numbers, telephone numbers, email addresses, other personal internet account information and other information protected by privacy protections shall be treated as "CONFIDENTIAL" pursuant to

this Protective Order regardless of whether they are designated "CONFIDENTIAL" in the manner prescribed herein.  However, if the private information is redacted by any Party, the redacted document shall not be considered "CONFIDENTIAL" regardless of whether it is so designated, unless the document is designated "CONFIDENTIAL" for some other reason.

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)    for testimony given in depositions that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony.

(c)    for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3    <u>Inadvertent Failures to Designate.</u> If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive

the Designating Party's right to seek to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1   Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2   Meet and Confer. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

6.3   The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.   ACCESS TO AND USE OF PROTECTED MATERIAL

7.1   Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items.</u> Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)    the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action, and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)    Experts (as defined in this Order), and their staff and contractors, of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)    the court and its personnel;

(e)    court reporters and their staff;

(f)    professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)    during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing

{00006743.DOCX;7}

party requests that the witness sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A, attached hereto); and (2) they will not be permitted to keep any confidential information unless they sign Exhibit A, unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i)     any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

8.   **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a)     promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's

permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9.   <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a)   The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)   In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)   promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)   promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)   make the information requested available for inspection by the Non-Party, if requested.

(c)   If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving

Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

        If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

        If any information or document alleged to be subject to attorney-client privilege, attorney work product or any other applicable privilege or immunity from discovery is produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product or other ground for withholding production to which the producing party would otherwise be entitled. If either party produces a document or other information that is privileged or protected, the receiving or disclosing party shall, upon discovery, promptly provide written notice to opposing counsel. Upon receipt of notification by the producing party that the document or information is privileged and was inadvertently produced, the party in possession of the alleged privileged material shall immediately destroy or return all copies, electronic or otherwise, of such

document or other information.  Nothing in this Discovery Plan shall waive or limit any protections afforded the Parties under Federal Rule of Evidence 502.

Pursuant to Federal Rule of Evidence 502(d), if in connection with the Litigation documents or information subject to a claim of attorney-client privilege or work product protection are disclosed ("Disclosed Information") by a party (the "Disclosing Party"), the disclosure of such Disclosed Information shall not constitute or be deemed a waiver of any claim of attorney-client privilege or work product protection that the Disclosing Party would otherwise be entitled to assert with respect to the Disclosed Information and its subject matter. Any applicable privileges or protections shall only be waived on express written approval by the person or entity holding the privilege.  The non-waiver of claims of attorney-client privilege and work product protection shall apply to the litigation pending before the Court as well as any other federal or state proceeding.

12.    MISCELLANEOUS

12.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3 Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

{00006743.DOCX;7}

13.    <u>FINAL DISPOSITION</u>

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

14.    Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

15.    DOCUMENT PRODUCTION PROTOCOLS

The parties agree to the Document Production Protocols Regarding Electronically Stored Information ("ESI") and Hardcopy Documents set forth in the attached Exhibit B.

{00006743.DOCX;7}

1  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2

3  Dated: June 23, 2015                    LATHAM & WATKINS LLP

4

5

6                                    By:/s/ Philip X. Wang

7                                       Philip X. Wang
                                        Attorney for Plaintiffs

8

9

10  Dated: June 23, 2015                   ASIAN AMERICANS ADVANCING JUSTICE–

11                                         LOS ANGELES

12
                                     By:   /s/ Laboni Hoq
13                                         Laboni Hoq
                                           Attorney for Plaintiffs
14

15

16  Dated: June 23, 2015                   weintraub | tobin

17

18                                   By:   /s/ Jacob C. Gonzales
                                           Jacob C. Gonzales
19                                         Attorney for Defendants

20

21  Dated: June 23, 2015                   KIMURA LONDON LLP

22

23                                   By:   /s/ Joshua Kimura
                                           Joshua Kimura
24                                         Attorney for Defendants

25  FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

26
    DATED: ____6/23/2015____        _____
27
                                           ANDREW J. WISTRICH
28                                         U.S. MAGISTRATE JUDGE

{00006743.DOCX;7}

15

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name],

of _____ [print or type full address], declare

under penalty of perjury that I have read in its entirety and understand the Stipulated

Protective Order that was issued by the United States District Court for the Central

District of California on _____ in the case of Ermita Alabado, et al., v.

French Concepts, Inc., et al., United States District Court Case No. 2:15-CV-02830-

FMO-AJW.. I agree to comply with and to be  bound by all the terms of this

Stipulated Protective Order and I understand and acknowledge that failure to so

comply could expose me to sanctions and punishment  in the nature of contempt. I

solemnly promise that I will not disclose in any manner any information or item that

is subject to this Stipulated Protective Order to any person or entity except in strict

compliance with the provisions of this Order.  I further agree to submit to the

jurisdiction of the United States District Court for the Central District of California

for the purpose of enforcing the terms of this Stipulated Protective Order, even if

such enforcement proceedings occur after termination of this action.  I hereby

appoint  _____ [print or type full name] of

_____ [print or type full address and

telephone number] as my California agent for service of process in connection with

this action or any proceedings related to enforcement of this

Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

# EXHIBIT B

## DOCUMENT PRODUCTION PROTOCOLS REGARDING ELECTRONICALLY STORED INFORMATION ("ESI") AND HARDCOPY DOCUMENTS

## LOAD FILES FOR ESI AND HARDCOPY DOCUMENTS

- A delimited text file (.DAT) is required, do not include OCR or extracted text within the DAT file. The first line must include the field names. The delimiters must be the following characters:
  - o Text Qualifier: (020)
  - o Delimiters: þ (254)
  - o Newline: ® (174).

- DAT file should be in Unicode (UTF8) format.

- A native file path must be provided for native deliverables.

- A text file path must be provided for all deliverable.

- The BEGBATES and ENDBATES fields should be populated for all documents, regardless of family association. These fields should not be blank under any circumstance.

- The default date field format should be MM/DD/YYYY.

- An OPT file is required for all TIFF images.  The file shall include the name of the tiff images, the volume number if any, the path to the TIFF images, and the total number of pages per document.

- All TIFF images and production files including natives shall be named their corresponding Bates number.

# ESI PRODUCTION

**Metadata Fields and Processing.** Except for the BegBates, EndBates, Begattach, EndAttach fields, the fields below will only be populated if the metadata is present in the native file. Each of the metadata and coding fields required for production is set forth below:

| FIELDNAME | DESCRIPTION |
|---|---|
| BEGBATES | Beginning Document Identification Number |
| ENDBATES | Ending Document Identification Number |
| BEGATTACH | Internal beginning attachment number (These fields should not be blank, even if the document is the only member of the family.) |
| ENDATTACH | Internal ending attachment number (These fields should not be blank, even if the document is the only member of the family.) |
| CUSTODIAN | The name of the person the file belongs to |
| FILENAME | Original file name |
| SOURCE PATH | Fully qualified path to the source folder, files and/or mail store |
| SOURCE FOLDER | Full path to source file if eDoc or folder path within a mail store if NSF or PST |
| SENDER | The in the form field for the email |
| TO | Recipients of the email |
| CC | Recipients in the CC field of the email |
| BCC | Recipients in the BCC of the email |
| SUBJECT | Subject of the email |
| SENTDATE | Date when email was sent |
| SENTTIME | Time when email was sent |
| AUTHOR | Document Author Properties |
| TITLE | Document Title properties |
| ATTACHCOUNT | Number of attachments |
| ATTACH | Original file name of all attachments |
| LASTMODDATE | The last modified date from a loose file |
| LASTMODTIME | Time the electronic document was last modified (extracted from metadata) |
| CREATEDATE | The date of when the loose file was created |
| CREATETIME | The time of when the loose file was created |
| RECEIVEDDATE | Date when email was received |
| RECEIVEDTIME | Time when email was received |
| ACCESSEDDATE | Date a loose file was last accessed |

| FIELDNAME | DESCRIPTION |
|---|---|
| PGCOUNT | Total number of pages. Populate with zero if no page count is available |
| IMPORTANCE | Importance message setting for the email |
| SENSITIVITY | Sensitivity message setting for the email |
| FILETYPE | Description of native file |
| FILEEXT | File extension |
| MD5HASH | Hash value for native file |
| COMMENTS | Extracted comments entered by author |
| TEXTLINK | Current path to Text files |
| NATIVELINK | Current path to Native files |

**E-mail.** E-mail shall be collected in a manner that preserves all original metadata and maintains the folder and source information identifying the original location.

**De-Duplication.** Both parties agree to remove as much duplicate ESI per custodian files.

**TIFFs.** Black and white images should be provided in single-page 1 Bits Per Pixel TIFF format.

**Embedded Objects.** Non-image files embedded within documents will be extracted as separate documents and treated like attachments to the document in which they were embedded. Image files embedded within documents, such as signature blocks, shall not be extracted as separate documents.

**Compressed files.** Compression file types such as .zip files shall be decompressed decompressed into the lowest possible compression resulting in individual files.

**Redaction.** If a file that originates in ESI needs to be redacted before production, the file will be rendered in TIFF, and the TIFF will be redacted and produced.

**Spreadsheets, Excel and Word documents.** Any native files that are produced shall have Bates-numbered TIFF image slip-sheet stating the documents have been produced in native format. Native files shall be produced with the Source File Path provided and extracted text and applicable metadata field.

**Bates Numbering.** The Producing Party will brand all TIFF images in the lower right-hand corner with their corresponding bates numbers, using a consistent font type and size. The Producing Party will brand all TIFF images in the lower left-hand corner with all confidentiality designations, if needed.

## HARDCOPY DOCUMENTS PRODUCTION

**TIFFs.** All hardcopy documents shall be scanned and produced in single-paged TIFF files with the Optical Character Recognition (OCR)-acquired text files, with unique Bates number per page, consistent with the load file requirements above.

**Bates Numbering.** The Producing Party will brand all TIFF images in the lower right-hand corner with their corresponding bates numbers, using a consistent font type and size. The Producing Party will brand all TIFF images in the lower left-hand corner with all confidentiality designations, if needed.

**De-Duplication.** Both parties agree to remove as much duplicate per custodian files.

## PROOF OF SERVICE

(CCP §§ 1013a(1), (3) and 1013(c) CRC Rule 2006(d)

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am over the age of eighteen years, and not a party to this action; and I am employed in the County of Orange, California, in which county the within mailing occurred.  My business address is 23 Corporate Plaza Drive, #200, Newport Beach, CA 92660.

On *June 23, 2015,* I served a copy of the following documents:

Document(s) Served: **STIPULATED PROTECTIVE ORDER AND ORDER REGARDING DOCUMENT PRODUCTION PROTOCOLS**

Person(s) or Party Served: **See Attached Service List**

[  ]   **(BY EXPRESS SERVICE CARRIER)**  I deposited in a box or other facility regularly maintained by OVERNITE EXPRESS/FEDERAL EXPRESS an express service carrier, or delivered to a courier or driver authorized by said express service carrier to receive documents a copy of the above-referenced document, together with an unsigned copy of this declaration, in an envelope designated by the said express service carrier, with delivery fees paid or provided for, addressed to the above-referenced parties.

[**XX**]  **(BY ELECTRONICALLY)** filing the foregoing document with the Clerk of the United States District Court, Central District, using its ECF System, which electronically notifies the persons on the attached service list at the email addresses registered with the ECF System.

I declare under the law of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on *June 23, 2015* at Newport Beach, California.

*/s/* **Liz H. Graham**
Liz H. Graham

{00006743.DOCX;7}