LATHAM & WATKINS LLP
    MICHAEL ROMEY (Bar No. 137993)
    *michael.romey@lw.com*
    YI-CHIN HO (Bar No. 204834)
    *yichin.ho@lw.com*
    PHILIP WANG (Bar No. 262239)
    *philip.wang@lw.com*
    KATHERINE RYKKEN (Bar No. 267196)
    *katherine.rykken@lw.com*
    GRANT COHEN (Bar No. 294467)
    *grant.cohen@lw.com*
    SID NADKARNI (Bar No. 301125)
    *sid.nadkarni@lw.com*
    ALEXANDRA WELCH (Bar No. 302394)
    *alexandra.welch@lw.com*
355 South Grand Avenue
Los Angeles, California 90071-1560
Telephone: (213) 485-1234
Facsimile: (213) 891-8763

ASIAN AMERICANS ADVANCING JUSTICE—
LOS ANGELES
    LABONI HOQ (Bar No. 224140)
    *lhoq@advancingjustice-la.org*
    NICOLE GON OCHI (Bar No. 268678)
    *nochi@advancingjustice-la.org*
    YANIN SENACHAI (Bar No. 288336)
    *ysenachai@advancingjustice-la.org*
    JOHN C. TRANG (Bar No. 277080)
    *jtrang@advancingjustice-la.org*
1145 Wilshire Blvd., 2nd Floor
Los Angeles, California 90017
Telephone: (213) 977-7500
Facsimile: (213) 977-7595

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERMITA ALABADO, et al., | CASE NO. 2:15–cv–02830−FMO−AJW |
| Plaintiffs, | Honorable Judge Fernando M. Olguin |
| vs. | **NOTICE OF MOTION AND MOTION IN SUPPORT OF PLAINTIFFS' REQUEST FOR DEFAULT JUDGMENT AGAINST** |
| FRENCH CONCEPTS, INC., et al., | |

| | |
|---|---|
| 1 | Defendants. |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |

**DEFENDANTS**

[Declarations of Ermita Alabado, Fernando Belidhon, Romar Cunanan, Armelinda dela Cerna, Elmer Genito, Wilfredo Lariga Jr., Louise Luis, Gina Pablo, Recky Puzon, Ronaldo Santia, Rolando Suratos, Michael Romey and Laboni Hoq, and Proposed Order Filed Concurrently Herewith]

Hearing:
Date:  November 12, 2015
Time:  10:00 a.m.
Place:  Courtroom 22, 5th Floor

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

2

NOTICE OF MOTION AND MOTION IN SUPPORT OF
PLAINTIFFS' REQUEST FOR DEFAULT JUDGMENT
AGAINST DEFENDANTS

1     **PLEASE TAKE NOTICE** that on November 12, 2015, at 10:00 a.m., in

2 the courtroom of the Honorable Fernando M. Olguin at 312 N. Spring Street,

3 Courtroom 22, Los Angeles, California, 90012, Plaintiffs Ermita Alabado,

4 Fernando Belidhon, Romar Cunanan, Armelinda dela Cerna, Elmer Genito,

5 Wilfredo Lariga Jr., Louise Luis, Gina Pablo, Recky Puzon, Ronaldo Santia, and

6 Rolando Suratos (collectively, the "Plaintiffs") hereby move for a default judgment

7 against Defendants French Concepts, Inc., d/b/a L'Amande French Bakery; French

8 Concepts BH, d/b/a L'Amande French Bakery; Baratow LLC; Analiza Moitinho

9 de Almeida; Goncalo Moitinho de Almeida; and Goncalo Moitinho de Almeida as

10 in his capacity as trustee of the Aurora Residence Trust (collectively,

11 "Defendants"). The Clerk of the Court has previously entered the default of

12 Defendants French Concepts, Inc. d/b/a L'Amande Bakery, French Concepts BH

13 d/b/a L'Amande Bakery, Baratow LLC, Analiza Moitinho de Almeida, Goncalo

14 Moitinho de Almeida on September 4, 2015 and against Defendant Goncalo de

15 Almeida in his capacity as trustee of the Aurora Trust on September 10, 2015 for

16 failure to respond to Plaintiffs' Third Amended Complaint ("TAC") within the

17 time permitted by law.

18     Plaintiffs are entitled to judgment against Defendants on all claims but seek

19 judgment and damages for eleven claims: Human Trafficking, 18 U.S.C. §§1585,

20 1589-90 (Claim One); RICO, 18 U.S.C. § 1964 (Claim Three); Retaliation under

21 FEHA, Cal. Govt. Code §12940 (Claim Seven); Unpaid Minimum Wages, 29

22 U.S.C. § 206(a), (f) (Claim 13); Unpaid Overtime Wages, 29 U.S.C. § 207(a)

23 (Claim 14); Meal and Rest Periods, Cal. Labor Code § 226.7 (Claim 16); Wage

24 Statement Violations, Cal. Labor Code § 226 (Claim 17); Whistleblower

25 Retaliation, Cal. Labor Code § 1102.5 (Claim 18); Retaliation, Cal. Labor Code §

26 98.6 (Claim 19); Waiting Time Penalties, Cal. Labor Code § 203 (Claim 23); and

27 Intentional and Constructive Fraudulent Transfer (Claims 29-30). Judgment is

28 sought for damages and reasonable attorneys' fees, avoidance of transfers or

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

3

NOTICE OF MOTION AND MOTION IN SUPPORT OF
PLAINTIFFS' REQUEST FOR DEFAULT JUDGMENT
AGAINST DEFENDANTS

1    obligations, and attachment of any assets or proceeds.

2       This Motion is made pursuant to Fed. R. Civ. P. 55(b) on the grounds that

3    Defendant failed to plead or otherwise defend.  This Motion is based on this Notice

4    of Motion, the Memorandum of Points and Authorities in support thereof, the

5    supporting declarations of Plaintiffs Ermita Alabado, Fernando Belidhon, Romar

6    Cunanan, Armelinda dela Cerna, Elmer Genito, Wilfredo Lariga Jr., Louise Luis,

7    Gina Pablo, Recky Puzon, Ronaldo Santia, and Rolando Suratos , and Michael

8    Romey and Laboni Hoq filed concurrently herewith, the files and records in this

9    case, and any oral or documentary evidence that may be presented to the Court.

10

11    Dated:  September 25, 2015      Respectfully submitted,

12                         LATHAM & WATKINS LLP
                          Michael Romey

13                         Yi-Chin Ho
                        Philip Wang

14                         Katherine Rykken
                        Grant Cohen

15                         Sid Nadkarni
                        Alexandra Welch

16

17                     By___*/s/ Michael Romey*_____

18                         Michael Romey

19

20                     ASIAN AMERICANS ADVANCING
                    JUSTICE—LOS ANGELES

21                         Laboni Hoq
                        Nicole Gon Ochi

22                         Yanin Senachai
                        John C. Trang

23

24                     By___*/s/ Laboni Hoq*_____

25                         Laboni Hoq

26                         Attorneys for Plaintiffs

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

4

NOTICE OF MOTION AND MOTION IN SUPPORT OF
PLAINTIFFS' REQUEST FOR DEFAULT JUDGMENT
AGAINST DEFENDANTS

# TABLE OF CONTENTS

I.      **FACTUAL & PROCEDURAL BACKGROUND** ......................... 1

    A.     The Almeidas Trafficked the Plaintiffs to the United States ................................................................................. 1

    B.     Plaintiffs Suffered Unlawful Working Conditions & Threats of Retaliation.......................................................... 2

    C.     State Labor Commission Investigates & the Almeidas Fire Five Workers ..................................................... 3

    D.     After Plaintiffs Filed This Lawsuit, the Almeidas Began Secretly Transferring Assets and Have Fled the Country ................. 4

    E.     The Clerk Entered Default Against All Defendants ........................... 5

II.      **ARGUMENT** ................................................................................ 6

    A.     Default Judgment Against Defendants is Appropriate ....................... 6

    B.     Plaintiffs' Substantive Claims Are Meritorious and the Amount of Damages Clear and Ascertainable................................... 8

       1.     Compensatory and Punitive Damages Are Appropriate for the First and Seventh Causes of Action ......................................... 9

       2.     All Plaintiffs Are Entitled to Statutory Damages for Various Wage & Hour Claims (Claims 13-14, 16-19 and 23).............................. 16

       3.     All Plaintiffs Are Entitled to Treble Unpaid Wages' Damages for Defendants' Violations of RICO (Claim 3) ........................ 20

       4.     Plaintiffs Seek Equitable Relief for Defendants' Fraudulent Transfers (Claims 29 and 30)............................ 22

       5.     Plaintiffs are Entitled to Attorney's Fees and Costs. ................................................................................. 24

III.      **CONCLUSION**.................................................................................. 24

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Anderson v. American Airlines*,
352 Fed.Appx. 182 (9th Cir. 2009) ................................................................. 14

*Butigan v. Al-Malki*,
No. 1:13-cv-514, slip op. (E.D. Va. April 9, 2014) ........................................... 12

*Canal v. Dann*,
2010 WL 3491136 (N.D. Cal. Sept. 2, 2010) amended, 2011 WL
3903166 (N.D. Cal. Sept. 6, 2011) ............................................................. 15, 16

*Carazani v. Zegarra*,
972 F. Supp. 2d 1 (D.D.C. 2013) ..................................................................... 12

*Castaneda v. Ensign Group, Inc.*,
229 Cal. App. 4th 1015 (Cal. Ct. App. 2014) ................................................... 13

*Chao v. Hotel Oasis, Inc.*,
493 F.3d 26 (1st Cir. 2007) .............................................................................. 17

*Commodore Home Sys., Inc. v. Superior Court*,
649 P.2d 912 (Cal. 1982) ............................................................................ 15, 16

*Ditullio v. Boehm*,
662 F.3d 1091 (9th Cir. 2011) .......................................................................... 10

*Dlamini v. Babb*,
No. 1:13-cv-2699 (N.D. Ga.) ........................................................................... 12

*Doe I v. Reddy*,
2003 U.S. Dist. LEXIS 26120 (N.D. Cal. Aug. 4, 2003) ................................... 22

*Doe v. Howard*,
2012 WL 3834867 (E.D. Va. Sept. 4, 2012) ..................................................... 15

*Donovan v. Agnew*,
712 F.2d 1509 (1st Cir. 1983) .......................................................................... 17

*Eitel v. McCool*,
782 F.2d 1470 (9th Cir. 1986) .................................................................*passim*

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

ii

**NOTICE OF MOTION AND MOTION IN SUPPORT OF
PLAINTIFFS' REQUEST FOR DEFAULT JUDGMENT
AGAINST DEFENDANTS**

*Grimmett v. Brown,*
 75 F.3d 506 (9th Cir. 1996) ................................................................................. 21

*Gurung v. Malhotra,*
 851 F. Supp. 2d 583 (S.D.N.Y. 2012) ................................................................. 15

*H. J. Inc. v. Northwestern Bell Tel. Co.,*
 492 U.S. 229 (1989) ............................................................................................ 21

*Iwekaogwu v. City of Los Angeles,*
 75 Cal. App. 4th 803 (Cal. Ct. App. 1999) ........................................................ 14

*Jaramillo v. County of Orange,*
 200 Cal. App. 4th 811 (2011) ............................................................................. 24

*Javier v. Beck,*
 2014 U.S. Dist. LEXIS 95594 (S.D.N.Y. July 3, 2014) .................................... 22

*Kelly-Zurian v. Wohl Shoe Co.,*
 22 Cal. App. 4th 397 (Cal. Ct. App. 1994) ........................................................ 14

*Kerr Corp. v. Tri Dental, Inc.,*
 2013 U.S. Dist. LEXIS 35728 (C.D. Cal. March 11, 2013) ................................ 8

*Martinez v. Combs,*
 49 Cal. 4th 35 (2010) .......................................................................................... 13

*Nexon Am., Inc. v. Kumar,*
 2012 U.S. Dist. Lexis 47294 (C.D. Cal. Apr. 3, 2012) ........................................ 9

*Patten v. Grant Joint Union High School Dist.,*
 37 Cal. Rptr. 3d 113 (Cal. Ct. App. 2005) ................................................... 19, 20

*PepsiCo v. Cal. Sec. Cans,*
 238 F. Supp. 2d 1172 (C.D. Cal. 2002) ................................................................ 8

*PepsiCo v. Triunfo-Mex, Inc.,*
 189 F.R.D. 431 (C.D. Cal. 1999) .......................................................................... 7

*Sedima, S.P.R.L. v. Imrex Co.,*
 473 U.S. 479 (1985) ............................................................................................ 21

*Shukla v. Sharma,*
 2012 WL 481796 (E.D.N.Y. Feb. 14, 2012) ...................................................... 16

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

iii

NOTICE OF MOTION AND MOTION IN SUPPORT OF
PLAINTIFFS' REQUEST FOR DEFAULT JUDGMENT
AGAINST DEFENDANTS

*Sony Computer Entm't Am., Inc. v. Divineo, Inc.,*
  457 F. Supp. 2d 957 (N.D. Cal. 2006)..................................................9

*Symantec Corp. v. Global Impact, Inc.,*
  559 F.3d 922 (9th Cir. 2009) ................................................................6

*Tobin v. City & County of San Francisco,*
  2015 U.S. Dist. LEXIS 77992 (N.D. Cal. June 16, 2015) ................19

*Yang v. ACBL Corp.,*
  427 F. Supp. 2d 327 (S.D.N.Y. 2005) ...............................................17

**STATUTES**

18 U.S.C.
  § 1351 ...................................................................................................22
  § 1546 ...................................................................................................22
  § 1589 .............................................................................................10, 22
  § 1589(a) ........................................................................................10, 11
  § 1590 .............................................................................................10, 22
  § 1590(a) ........................................................................................10, 11
  § 1595 .....................................................................................10, 15, 16
  § 1595(a) ........................................................................................10, 24
  § 1961(3) ..............................................................................................21
  § 1961(4) ..............................................................................................21
  § 1961(5) ..............................................................................................21
  § 1962(c) ..............................................................................................21
  § 1964(c) ................................................................................21, 22, 24

29 U.S.C.
  § 203 .....................................................................................................17
  § 207(a) ................................................................................................17
  § 216(b) ..................................................................................17, 18, 24
  § 218 .....................................................................................................17

50 U.S.C. App. § 521 ..................................................................................7

Cal. Civ. Code
  § 3439.01(c) ........................................................................................23
  § 3439.01(e) ........................................................................................23
  § 3439.04(a)(1) ...................................................................................23
  § 3439.07 .............................................................................................24
  § 3439.07(a)(1) ...................................................................................23

LATHAM&WATKINS^LLP
ATTORNEYS AT LAW
LOS ANGELES

iv

NOTICE OF MOTION AND MOTION IN SUPPORT OF
PLAINTIFFS' REQUEST FOR DEFAULT JUDGMENT
AGAINST DEFENDANTS

§ 3439.07(a)(2) ........................................................................................... 23
§ 3439.07(a)(3)(A) ...................................................................................... 23
§ 3439.07(a)(3)(B) ...................................................................................... 23
§ 3439.07(a)(3)(C) ...................................................................................... 23

Cal. Govt. Code
§ 12926 ......................................................................................................... 13
§ 12940 ................................................................................................. 10, 13
§ 12940(g) .................................................................................................... 13
§ 12965(b) ...................................................................................... 15, 16, 24

Cal. Lab. Code
§ 98.6(a) ............................................................................................... 19, 20
§ 98.6(b)(3) .................................................................................................. 19
§ 98.7(g) ...................................................................................................... 19
§ 203(a) ....................................................................................................... 20
§ 218.5(a) .................................................................................................... 24
§ 226 ............................................................................................................ 18
§ 226(e) ....................................................................................................... 24
§ 226(e)(1) .................................................................................................. 18
§ 226(e)(2)(a) .............................................................................................. 18
§ 226.7 ......................................................................................................... 18
§ 226.7(c) .................................................................................................... 18
§ 244(a) ....................................................................................................... 19
§ 1102.5(a) ........................................................................................... 19, 20
§ 1102.5(b) ........................................................................................... 19, 20
§ 1102.5(f) ................................................................................................... 19

## RULES

Fed. R. Civ. P. 8(b)(6) ................................................................................. 9

Fed. R. Civ. P. 55(a) ................................................................................ 6, 7

Fed. R. Civ. P. 55(b) ................................................................................ 6, 7

Fed. R. Civ. P. 55(b)(2) ............................................................................. 25

L.R. 55-1 .................................................................................................. 6, 7

L.R. 55-3 ..................................................................................................... 25

NOTICE OF MOTION AND MOTION IN SUPPORT OF
PLAINTIFFS' REQUEST FOR DEFAULT JUDGMENT
AGAINST DEFENDANTS

1

# REGULATIONS

2

29 C.F.R. 778.113 ............................................................................. 17, 18

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

vi   **NOTICE OF MOTION AND MOTION IN SUPPORT OF
PLAINTIFFS' REQUEST FOR DEFAULT JUDGMENT
AGAINST DEFENDANTS**

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs Ermita Alabado, Fernando Belidhon, Romar Cunanan, Armelinda dela Cerna, Elmer Genito, Wilfredo Lariga Jr., Louise Luis, Gina Pablo, Recky Puzon, Ronaldo Santia, and Rolando Suratos (collectively, the "Plaintiffs") respectfully request the Court issue enter default judgment against Defendants French Concepts, Inc., d/b/a L'Amande French Bakery; French Concepts BH, d/b/a L'Amande French Bakery; Baratow LLC; Analiza Moitinho de Almeida ("Ana"); Goncalo Moitinho de Almeida ("Goncalo"), and Goncalo de Almeida as in his capacity as trustee of the Aurora Residence Trust (the "Aurora Residence Trust") (collectively, "Defendants").  Plaintiffs brought this lawsuit to seek redress for Defendants' harmful conduct, including trafficking Plaintiffs from the Philippines to the United States, unlawful working conditions, unpaid wages, harassment and retaliation.  Defendants failed to answer or otherwise respond to the Third Amended Complaint ("TAC").

Although Plaintiffs believe that all claims asserted are meritorious and they are entitled to judgment on all claims, Plaintiffs respectfully request the Court enter default judgment against Defendants on claims 1, 3, 7, 13-14, 16-19, 23, and 29-30.  As described further below, Plaintiffs request damages in the total amount of $12,434,332.47, attorneys' fees and costs in the total amount of  $2,816,673.33, a total of $15,251,005.80, and further seek avoidance of certain transfers or obligations, and attachment of Defendants' remaining assets and proceeds.

## I.    FACTUAL & PROCEDURAL BACKGROUND

### A.    The Almeidas Trafficked the Plaintiffs to the United States

Plaintiffs are a group of workers trafficked from the Philippines.  Defendants Analiza Moitinho de Almeida ("Ana") and her husband Goncalo Moitinho de Almeida ("Goncalo" and together with Ana, the "Almeidas") lured Plaintiffs to the United States, with the promise of well-paying jobs as skilled pastry chefs and supervisors at their boutique French bakeries, called L'Amande Bakery, and the

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
LOS ANGELES

1

NOTICE OF MOTION AND MOTION IN SUPPORT OF
PLAINTIFFS' REQUEST FOR DEFAULT JUDGMENT
AGAINST DEFENDANTS

opportunity to provide a better future for themselves and their families.  *See, e.g.,* Alabado Decl. ¶¶ 7-9; Genito Decl. ¶¶ 6-8; Lariga Decl. ¶¶ 5-8; Puzon Decl. ¶¶ 7-10; Santia Decl. ¶¶ 6-9.  The Almeidas and their families are influential in the Philippines, in particular through Ana's father Juan B. Santos who is currently Chairman of the Philippines Social Security System.  *See* TAC ¶¶ 2.  For example, Defendants promised Plaintiff Pablo-Grossman that she would continue as a nanny for their son, Lorenzo.  Pablo Decl. ¶ 7.  Defendants secured E-2 Visas for Plaintiffs, which are typically reserved for skilled employees of wealthy investors seeking to pursue business in the United States.  *See, e.g.,*  Alabado Decl. ¶¶ 7-11; Genito Decl. ¶¶ 9-10; Larigo Decl. ¶¶ 9-10; Puzon Decl. ¶¶ 11-12; Santia Decl. ¶¶ 11-12.  To obtain E-2 Visas for Plaintiffs, the Almeidas attested that they would pay Plaintiffs well and ensure that Plaintiffs performed skilled work as pastry chefs, supervisors and managers at the L'Amande bakeries.  *See id.*

## B.   Plaintiffs Suffered Unlawful Working Conditions & Threats of Retaliation

Upon arrival in the United States, Plaintiffs faced a starkly different reality than what was promised.  Pablo-Grossman arrived first, on September 24, 2009, and was forced to work as domestic servant rather than as the promised position of nanny.   Pablo Decl. ¶¶ 13-21.  Plaintiffs Alabado, Luis, and Belidhon arrived on September 16, 2011 and were forced work as domestic servants in the Almeidas home, and as menial laborers in their apartment complex in Long Beach (operating under Baratow LLC), cleaning, painting, making repairs and landscaping.  *See* Alabado Decl. ¶¶ 16-21; Luis Decl. ¶¶ 16-21; Belidhon Decl. ¶¶ 17-21.  The Almeidas required them to work long hours and paid each Plaintiff only $300 or $370 per month.  *See, e.g.*, *id.*  Plaintiffs even slept on the floor in the Almeidas laundry room.  *See* Dkt. 32 at 5.  Plaintiffs Cunanan and Genito arrived on August 30, 2012.  *See, e.g.*, Genito Decl. ¶ 11.

When the first L'Amande Bakery opened in Torrance in August 2012,

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

2

NOTICE OF MOTION AND MOTION IN SUPPORT OF
PLAINTIFFS' REQUEST FOR DEFAULT JUDGMENT
AGAINST ALL DEFENDANTS

Defendants[1] required Plaintiffs Alabado, Luis, Belidhon, Cunanan, and Genito to work 13 to 17-hour days, consisting largely of menial work.  *See, e.g.*, Alabado Decl. ¶¶ 31-42; Genito Decl. ¶¶ 12-22.  The Almeidas paid them as little as $2 per hour and usually required that they work six or seven days per week.  *See, e.g., id.*  When the remaining Plaintiffs—dela Cerna, Lariga, Jr., Puzon, Santia and Suratos—arrived in April and August 2013, the Almeidas similarly required them to work long hours, paid them below minimum wage, and did not pay required overtime pay or allow regular breaks.  *See, e.g.*, Lariga, Jr. Decl. ¶¶ 12-25; Puzon Decl. ¶¶ 15-29; *see also, e.g.*, Dkt. 17-5 at 53-54.

Defendants coerced Plaintiffs into continuing to work for them by, among other things:  (1) threats of deportation; (2) fraudulent agreements reflecting an illusory $11,000 debt if Plaintiffs did not work for Defendant for at least three years, and; (3) threats against Plaintiffs families in the Philippines by Ana's wealthy and well-connected family.  *See, e.g.*, Alabado Decl. ¶¶ 47-67; Genito Decl. ¶¶ 34-53; Lariga, Jr. Decl. ¶¶ 27-45; Puzon Decl. ¶¶ 37-54; *see also, e.g.*, Dkt. 32 at 5, 28; Dkt. 17-5 at 37.  Afraid of these consequences and retaliation against their families in the Philippines, Plaintiffs continued to work for the Almeidas.

## C.    State Labor Commission Investigates & the Almeidas Fire Five Workers

In December 2013, the State Labor Commissioner conducted an investigation of the Plaintiffs' working conditions.  In April 2014, the Labor Commission cited the Almeidas for over $300,000 in violations, including $259,851.53 in unpaid wages.  *See* Dkt. 17-18 at 5-8.  The Labor Commission found that the Almeidas failed to pay the Workers' minimum wage and overtime pay, failed to provide accurate wage statements, and failed to keep required records

---

[1] Except as otherwise noted, "Defendants" does not include the Baratow LLC or the Aurora Residence Trust.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

3

NOTICE OF MOTION AND MOTION IN SUPPORT OF
PLAINTIFFS' REQUEST FOR DEFAULT JUDGMENT
AGAINST ALL DEFENDANTS

1    of the Workers' hours.  *See id.*  Indeed, the Almeidas conceded that they were

2    liable for wage and hour law violations and damages for misclassifying certain

3    workers as exempt.  *See* Dkt. 17-19 at 3, 10-11(Plaintiffs misclassified as exempt);

4    Dkt. 26-1 at 11, 12-17 (Plaintiffs underpaid by $338,486.65 for the time period of

5    the Labor Commissioner's audit).[2]

6         Although the Almeidas began paying the Workers hourly, they also

7    continued to threaten the Workers and attempted to coerce them into lying to the

8    Labor Commissioner by underreporting their work hours.  *See, e.g.*, Alabado Decl.

9    ¶¶ 47-67; Genito Decl. ¶¶ 40-53; Lariga, Jr. Decl. ¶¶ 27-45; Puzon Decl. ¶¶ 37-54;

10   *see also, e.g.*, Dkt. 32 at 5, 28, 32-36; Dkt. 17-5 at 37.  Plaintiffs refused to

11   underreport their hours.  *Id.*  After Plaintiffs complained, the Almeidas retaliated

12   and fired five of the Workers—Plaintiffs Alabado, Belidhon, Luis, Genito, and

13   Cunanan—in January 2015.  *See, e.g.*, Alabado Decl. ¶ 41; Genito Decl. ¶ 48.

14        **D.    After Plaintiffs Filed This Lawsuit, the Almeidas Began Secretly**
**Transferring Assets and Have Fled the Country**

15

16        On March 18, 2015, Plaintiffs filed this lawsuit, bringing claims under state

17   and federal laws, including for trafficking, RICO, wage and hour violations,

18   employment discrimination and harassment, and retaliation.  Soon after, the

19   Almeidas began surreptitiously selling off and transferring their assets.  Dkt. 36 at

20   2-3, 17; Dkt. 17-4 at 13-15.  In particular, the Almeidas transferred title to their

21   $1.4 million property on Aurora Drive in Rolling Hills Estates ("Aurora

22

23

24        _____

25        [2] The Almeidas' attorney Steffan Miller pressured three Plaintiffs to report
     different and lower hours than independently reported to the Labor Commission,

26   and also required two other Plaintiffs to under-report hours in support of defending
     against the Labor Commission's citation.  Dkt. 26-1 at 10-17; *see also* Dkt. 26-1 at

27   9-104 (Miller Declaration purporting to summarize information from interviews
     with these three Workers).  Miller's Declaration predates this lawsuit, does not
     address the longer time period and different claims at issue here, and therefore is

28   not inconsistent with Plaintiffs' evidence.  *Id.*

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

4

NOTICE OF MOTION AND MOTION IN SUPPORT OF
PLAINTIFFS' REQUEST FOR DEFAULT JUDGMENT
AGAINST ALL DEFENDANTS

Property"). Exs. 3-5.[3]  Ana fraudulently encumbered the Aurora Property with two

Deeds of Trust for the benefit of her father Juan Santos.  Exs. 3, 4.  Ana next

transferred the Aurora Property to the Aurora Residence Trust—an irrevocable

trust for which her husband Goncalo is the trustee.  Ex. 5.  As a result, the Aurora

Property was no longer in Ana's name and therefore not an asset against which

Plaintiffs could enforce any judgment.  On July 8, 2015, Plaintiffs filed the Second

Amended Complaint to include claims for fraudulent conveyance.  Dkt. 22.

Thereafter, on July 14, 2015, the Almeidas and Santos conspired to place the

Aurora Property in foreclosure proceedings, which would allow a forced sale date

on or about November 2, 2015.  *See* Ex. 7.

On July 21, 2015, Plaintiffs filed an Ex Parte Application for a Writ of

Attachment, which the Magistrate Judge denied on August 24, 2015.  *See* Dkt. 31,

Dkt. 38.  On July 22, 2015, filed the TAC, which is the operative complaint here.

*See* Dkt. 32.  On August 19, 2015, and after the deadline to respond to the TAC,

the Almeidas' attorney informed Plaintiffs' counsel that the Almeidas had fled the

country, had no plans to return, and had decided to stop defending the lawsuit.  *See*

Dkt. 36 at 3-5; Dkt. 36-1 at 3.  The Almeidas have also closed all both branches of

L'Amande Bakery and fired all employees.  Dkt. 36-1 at 4; Dkt. 32 at 36-37.

### E.    The Clerk Entered Default Against All Defendants

On August 28, 2015, Plaintiffs filed requests for entry of default against all

Defendants.  *See* Dkt. 40.  The Clerk entered default against Defendants French

Concepts, Inc. d/b/a L'Amande Bakery, French Concepts BH d/b/a L'Amande

Bakery, Baratow LLC, Analiza Moitinho de Almeida, Goncalo Moitinho de

Almeida on September 4, 2015 and against Defendant Goncalo de Almeida in his

capacity as trustee of the Aurora Trust on September 10, 2015 for failing to

respond to the TAC.  *See* Dkt. 43; Dkt. 47.  On September 10, 2015, the Court

---

[3] All Exhibits cited herein are attached to the Declaration of Michael Romey In Support of Defendants Request for Default Judgment, filed herewith.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

5

NOTICE OF MOTION AND MOTION IN SUPPORT OF
PLAINTIFFS' REQUEST FOR DEFAULT JUDGMENT
AGAINST ALL DEFENDANTS

1   issued an OSC ordering Plaintiffs to file and serve a motion for default judgment
2   by September 25, 2015.  Dkt. 48.

3          Three motions are now before the Court:  (1) Plaintiffs' Motion for Review
4   of the Magistrate Judge's denial of the Writ of Attachment ("Motion for Review"),
5   which this Court is scheduled to hear on October 15, 2015, *see* Dkt. 41; (2)
6   Plaintiffs' Motion for Default Judgment against all Defendants; and (3) Plaintiffs
7   concurrently filed an Ex Parte Application for Order Shortening Time on this
8   Motion, requesting that the court hear this Motion on October 15, 2015, the same
9   day as the Motion for Review.

10  **II.    ARGUMENT**

11         **A.    Default Judgment Against Defendants is Appropriate**

12         Federal Rule of Civil Procedure 55 establishes a two-step process for
13  entering default judgment:  (1) entry of default under Rule 55(a), and (2) entry of
14  default judgment under Rule 55(b).  *See* Fed. R. Civ. P. 55 (a)-(b); *Symantec Corp.*
15  *v. Global Impact, Inc.*, 559 F.3d 922, 923 (9th Cir. 2009).  Local Rule 55-1 further
16  requires a Plaintiff to attest to certain facts about the defaulting party.  *See* L.R. 55-
17  1(a)-(e).  The Court should also consider the following, the so-called *Eitel* factors,
18  when determining whether to enter a default judgment:

19              (1) the possibility of prejudice to the plaintiff, (2) the
                merits of plaintiff's substantive claim, (3) the sufficiency
20              of the complaint, (4) the sum of money at stake in the
                action, (5) the possibility of a dispute concerning material
21              facts, (6) whether the default was due to excusable
                neglect, and (7) the strong policy underlying the Federal
22              Rules of Civil Procedure favoring decisions on the
23              merits.

24  *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  Although the decision to
25  grant or deny an application for default is within the judge's discretion, "[i]n
26  applying the discretionary standard, default judgments are more often granted than
27  denied."  *PepsiCo v. Triunfo-Mex, Inc.*, 189 F.R.D. 431, 432 (C.D. Cal. 1999).
28         Here, the Clerk has already entered default—thus satisfying the first

6      NOTICE OF MOTION AND MOTION IN SUPPORT OF
       **PLAINTIFFS' REQUEST FOR DEFAULT JUDGMENT**
       **AGAINST ALL DEFENDANTS**

requirement of Rule 55—against Defendants French Concepts, Inc. d/b/a L'Amande Bakery, French Concepts BH d/b/a L'Amande Bakery, Baratow LLC, Analiza Moitinho de Almeida, Goncalo Moitinho de Almeida on September 4, 2015 and against Defendant Goncalo de Almeida in his capacity as trustee of the Aurora Trust on September 10, 2015 for failing to respond to the TAC.  *See* Fed. R. Civ.  P. 55(a); Dkt. 43, Dkt. 47.  Plaintiffs likewise satisfy the requirements of Local Rule 55-1 and the *Eitel* factors, justifying the entry of default judgment against all Defendants pursuant to Rule 55(b).

Plaintiffs have also complied with Local Rule 55-1.  Under Local Rule 55-1(a)-(e), Plaintiffs have identified all Defendants by name as the parties against whom default was entered, Dkt. 43, Dkt. 47, Romey Decl. ¶¶ 3-8; that all Defendants defaulted as to the TAC, *id.*; that none of the Defendants is an infant or incompetent, Romey Decl. ¶¶ 3-8; that the Servicemembers Civil Relief Act (50 U.S.C. App. § 521) does not apply to any of the Defendants, *id.*; and that notice will be served on all of defaulting parties concurrent with this filing, *id.*  *See* L.R. 55-1(a)-(e); Fed. R. Civ. P. 55(b)(2).

The *Eitel* factors further justify granting default judgment against the Defendants.  Plaintiffs would suffer prejudice if the default judgment is not entered under the first *Eitel* factor.  *See Eitel*, 782 F.2d at 1471-72.  If default judgment is not entered, Plaintiffs would be unable to recover any damages for the significant financial and emotional harms Defendants caused.  *See PepsiCo v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002) ("Potential prejudice to Plaintiffs favors granting a default judgment.").

Plaintiffs' claims are meritorious and the allegations in the TAC sufficient under the second and third *Eitel* factors.  *See Eitel*, 782 F.2d at 1471-72.  Plaintiffs need only, as they have here, "state a claim on which [they] may recover." *PepsiCo*, 238 F. Supp. 2d at 1175 (citation and quotations omitted).  Section II.B below addresses the merits and sufficiency of each claim for which Plaintiffs seek

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

7

NOTICE OF MOTION AND MOTION IN SUPPORT OF
PLAINTIFFS' REQUEST FOR DEFAULT JUDGMENT
AGAINST ALL DEFENDANTS

1    damages, and the appropriate damages for each.  The sum of money here is not

2    inconsequential and neither is the harm caused by Defendant's actions under the

3    fourth *Eitel* factor.  *See Eitel*, 782 F.2d at 1471-72.  As discussed in detail below,

4    Defendants are liable for damages in the amount of $12,434,332.47.

5          Here, there is little possibility of a dispute concerning material facts of this

6    litigation under the fifth *Eitel* factor.  *See Eitel*, 782 F.2d at 1471-72; *see also Kerr*

7    *Corp.*, 2013 U.S. Dist. LEXIS 35728, at *13 (courts must consider whether a

8    dispute as to material facts is "highly likely").  Indeed, Defendants have admitted

9    liability as to the facts underlying the wage and hour claims, and the Labor

10   Commissioner has already relied upon those facts in citing and fining Defendants.

11   *See* Dkt. 17-19 at 3, 10-11; Dkt. 26-1 at 11, 12-17.  While Defendants may attempt

12   to dispute certain aspects of the Plaintiffs' allegations, their actions speak for

13   themselves.  By fleeing the country and abandoning this litigation, and after

14   consuming much of this Court's and the Plaintiffs' limited time and resources, they

15   have forfeited any right to do so.  Certainly, there is no excusable neglect for the

16   default in this case under the sixth *Eitel* factor.  *See Eitel*, 782 F.2d at 1471-72.

17        Instead, their default is the result of Defendants' deliberate attempt to flee

18   the country and evade their responsibilities.  Defendants' decision to abandon the

19   litigation and to return to the Philippines makes a resolution on the merits

20   impossible under the seventh *Eitel* factor.  *See Eitel*, 782 F.2d at 1471-72.

21   Because all the *Eitel* factors weigh heavily in favor of default judgment, the Court

22   should enter default judgment in the full amount requested.

23        **B.    Plaintiffs' Substantive Claims Are Meritorious and the Amount of**
            **Damages Clear and Ascertainable**

24

25        Upon default, "the defendant's liability generally is conclusively established,

26   and the well-pleaded factual allegations in the complaint—except those pertaining

27   to damages—are accepted as true."  *Nexon Am., Inc. v. Kumar,* No. 11-6991, 2012

28   U.S. Dist. Lexis 47294, at *6 (C.D. Cal. Apr. 3, 2012); *see also* Fed. R. Civ. P. 8

LATHAM&WATKINSᴸᴸᴾ
ATTORNEYS AT LAW
LOS ANGELES

8    NOTICE OF MOTION AND MOTION IN SUPPORT OF
     PLAINTIFFS' REQUEST FOR DEFAULT JUDGMENT
     AGAINST ALL DEFENDANTS

(b)(6).  Where, as here, the factual allegations of the complaint provide bases for entering default judgment, the court will ascertain the amount of damages.  *See Sony Computer Entm't Am., Inc. v. Divineo, Inc.,* 457 F. Supp. 2d 957 (N.D. Cal. 2006).  Plaintiffs request that this Court find Defendants liable for $15,251,005.80, including:  (1) compensatory damages in the amount of $4,978,400.00 for Claims 1 and 7; (2) punitive damages in the amount of $4,978,400.00 for Claims 1 and 7; (3) statutory wage and hour damages in the amount of $844,055.82 for Claims 13-14, 16-17 and 23; (4) statutory damages for whistleblower and retaliation in the amount of $200,000.00 for Claims 18-19; (5) treble damages under RICO for unpaid wages in the amount of $1,266,083.73 for Claim 3 and; (6) attorney's fees in the amount of $2,816,673.33 .  Plaintiffs also seek equitable relief, as described in section II.B.4, *infra*.

> 1.    *Compensatory and Punitive Damages Are Appropriate for the First and Seventh Causes of Action*

Plaintiffs' request for compensatory damages is based on the first cause of action for Human Trafficking, 18 U.S.C. §§ 1589-90, 1595, in the total amount of $3,728,400.  Five Plaintiffs, as listed below, seek additional compensatory damages for the seventh cause of action for retaliation under the California Fair Employment and Housing Act ("FEHA"), California Government Code § 12940, in the total amount of $1,250,000.  Plaintiffs also seek punitive damages in an amount equal to their requested compensatory damages, in the total amount of $4,978,400.00.

> a.    *All Plaintiffs Are Entitled to Compensatory Damages for Human Trafficking* (First Cause of Action)

Plaintiffs' claims for human trafficking under 18 U.S.C. §§ 1589-90, 1595 are meritorious and the TAC allegations more than sufficient.  *See Eitel*, 782 F.2d at 1471-72; TAC ¶¶ 112-23.  Section 1595 allows victims of forced labor to recover damages and reasonable attorneys' fees for violations of Sections 1589 and

1590.  *See* 18 U.S.C. § 1595(a).  Under Section 1589, a defendant is liable for human trafficking for knowingly obtaining a plaintiff's labor and services by means of actual and threatened serious harm (including financial and emotional harm) or knowingly benefitted from such actions.  *See id.* § 1589(a)(1)-(3).  A defendant is likewise liable for knowingly recruiting, harboring, transporting or obtaining a plaintiff for labor and services, or benefitting from such actions.  *See id.* § 1590(a).  Compensatory and punitive damages are available for violations of Section 1595.  *Ditullio v. Boehm*, 662 F.3d 1091, 1096 (9th Cir. 2011).

Here, the TAC and Plaintiffs' supporting declarations provide detailed and undisputed evidence of Defendants' liability under Sections 1589-90.  In particular, the Almeidas obtained Plaintiffs' work services for themselves and all other Defendants by luring Plaintiffs to the United States by misrepresenting their hours, pay, and working conditions.  TAC ¶¶ 29-34; *see* Section I.B, *supra*.  Ana recruited Plaintiffs in the Philippines under fraudulent pretenses, brought them to the United States, and harbored several of them in her home when they first arrived in the country, for the purpose of forced labor and involuntary servitude.  TAC ¶¶ 31-32, 41, 46; *see* Section I.B, *supra*.  Plaintiffs have thus properly alleged and demonstrated that each Defendant knowingly recruited, harbored, transported or obtained the Plaintiffs for labor and services, or benefitted from such actions.  18 U.S.C. § 1590(a).[4]

Moreover, the Almeidas had control over Plaintiffs' E-2 Visas and threated Plaintiffs with deportation, for the benefit of all Defendants.  *See* Sections I.B-C, *supra*.  Ana specifically threatened Plaintiffs with serious harm if they failed to continue working, demanding that they repay a fictitious $11,000 debt if they failed to continue working for at least three years, again for the knowing benefit of

---

[4] All Defendants are jointly and severally liable.  Baratow LLC is jointly and severally liable for only a limited portion of damages for related work performed by five Plaintiffs from September 2011 to August 2012.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

10

NOTICE OF MOTION AND MOTION IN SUPPORT OF
PLAINTIFFS' REQUEST FOR DEFAULT JUDGMENT
AGAINST ALL DEFENDANTS

all Defendants.  *Id.* ¶¶ 82-87; *see* Sections I.B-C, *supra*.  Ana also warned Plaintiffs that if they complained more about their working conditions, she would send them straight back to the Philippines and subject them and their families to financial ruin.  *Id.* ¶ 68; *see* Sections I.B-C, *supra*. The Almeidas engaged in psychological coercion, isolating Plaintiffs to prevent them discovering and enforcing their rights, causing Plaintiffs to feel that they had no choice but to continue to work for them.  *Id.* ¶¶ 80, 117; *see* Sections I.B-C, *supra*.  Plaintiffs remained in the United States and continued to work for Defendants because they believed they could never afford to repay their fictitious debt if they returned to the Philippines.  Defendants thus obtained Plaintiffs' labor through threats of serious harm, abuse, and threatened abuse of the immigration and visa process.  *See* 18 U.S.C. § 1589(a)(1)-(3).

The Court should award each Plaintiff compensatory damages of $400 for each day of captivity, as other courts have done.  *Butigan v. Al-Malki*, No. 1:13-cv-514, slip op. at 24 (E.D. Va. April 9, 2014) (awarding plaintiff $450 per day); *Carazani v. Zegarra*, 972 F. Supp. 2d 1, 9 (D.D.C. 2013) (awarding plaintiff $400 per day); *Dlamini v. Babb*, No. 1:13-cv-2699 (N.D. Ga.) (awarding plaintiff $400 per day for each day of captivity).  Plaintiffs suffered between 481 and 1200 days in captivity, compensable at $400 per day.  Attached is a chart summarizing damages for each Plaintiff and including specific damages calculations for each. *See* Ex. 1.  Each Plaintiff suffered severe emotional distress as a direct result of Defendants' trafficking, as described below.

- <u>Ermita Alabado</u> (1200 days).  Anxiety related to signing coerced $11,000 debt agreement; fear of retribution against herself and her family; hunger, anguish, and difficulty sleeping; humiliation from being ridiculed, socially isolated, and prohibited from speaking Tagalog in the workplace.  Alabado Decl. ¶¶ 22-27, 29-30, 45-46, 48-49, 52-57.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

11

NOTICE OF MOTION AND MOTION IN SUPPORT OF
PLAINTIFFS' REQUEST FOR DEFAULT JUDGMENT
AGAINST ALL DEFENDANTS

- <u>Fernando Belidhon</u> (1200 days). Anxiety related to signing coerced $11,000 debt agreement; hunger, anguish, and difficulty sleeping; humiliation from being ridiculed, socially isolated, and prohibited from speaking Tagalog in the workplace; fear of retribution. Belidhon Decl. ¶¶ 23-28, 42, 45-55.

- <u>Romar Cunanan</u> (850 days). Anxiety related to signing coerced $11,000 debt agreement; humiliation from being ridiculed, socially isolated, and prohibited from speaking Tagalog in the workplace; anxiety due to fear of retribution against himself and his family. Cunanan Decl. ¶¶ 17, 30, 33-38, 42-46.

- <u>Armelinda dela Cerna</u> (680 days). Humiliation from being ridiculed, socially isolated, and prohibited from speaking Tagalog in the workplace; anxiety and depression due to fear of deportation or other retribution against herself and her family. Dela Cerna Decl. ¶¶ 28-30, 33-37, 42, 45-49.

- <u>Elmer Genito</u> (850 days). Anxiety related to signing coerced $11,000 debt agreement; anxiety due to fear of retribution against himself and his family; humiliation from being ridiculed, socially isolated, and prohibited from speaking Tagalog in the workplace. Genito Decl. ¶¶ 16-17, 34-45.

- <u>Wilfredo Lariga Jr.</u> (680 days). Humiliation and anguish from being prohibited from speaking Tagalog in the workplace; anxiety due to fear of retribution against himself and his family; anxiety related to the perceived $11,000 he owed Ana. Lariga Decl. ¶¶ 25, 28, 32, 34-36.

- <u>Louise Luis</u> (680 days). Anxiety related to signing coerced $11,000 debt agreement; anxiety due to fear of deportation or other retribution against herself and her family; hunger, anguish, and difficulty sleeping and nightmares; humiliation from being ridiculed and prohibited from speaking Tagalog in the workplace. Louise Decl. ¶¶ 22-27; 42-45; 47; 49-51.

- <u>Gina Pablo</u> (1060 days). Humiliation, anxiety, and anguish due to verbal abuse and physical exhaustion while working as a domestic servant and bakery

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

12

NOTICE OF MOTION AND MOTION IN SUPPORT OF
PLAINTIFFS' REQUEST FOR DEFAULT JUDGMENT
AGAINST ALL DEFENDANTS

1    employee; anxiety due to fear of retribution by Ana if she left her employment.

2    Pablo Decl. ¶¶ 25-29, 31, 38-39, 42-45.

3    • <u>Recky Puzon</u> (560 days).  Anxiety related to the perceived $11,340 he owed

4    Ana; humiliation from being ridiculed, socially isolated, and prohibited from

5    speaking Tagalog in the workplace; anxiety due to fear of retribution if he

6    disobeyed Ana and Goncalo.  Puzon Decl. ¶¶ 13-14, 30-31, 38-47.

7    • <u>Ronaldo Santia</u> (560 days).  Anxiety related to the perceived $11,340 he owed

8    Ana; humiliation and stress from being verbally abused, socially isolated, and

9    prohibited from speaking Tagalog in the workplace; anxiety due to fear of

10   retribution.  Santia Decl. ¶¶ 12-13, 17-19, 30-31, 35, 37-46.

11   • <u>Rolando Suratos</u> (481 days).   Humiliation from being ridiculed and prohibited

12   from speaking Tagalog in the workplace; anxiety related to signing coerced

13   $11,000 debt agreement; fear of deportation or other retribution.  Suratos Decl.

14   ¶¶ 28, 34-36, 43-44.

15           b.    *Five Plaintiffs Are Entitled to Compensatory Damages for*
                  *Retaliatory Termination Under FEHA* (Seventh Claim)[5]
16

17       Plaintiffs Ermita Alabado, Fernando Belidhon, Romar Cunanan, Elmer

18   Genito and Louise Luis's ("FEHA Plaintiffs") claims for retaliation under FEHA

19   are meritorious and the TAC allegations more than sufficient.  *See Eitel*, 782 F.2d

20   at 1471-72; TAC ¶¶167-71.  Under FEHA, an employer may not "discharge, expel,

21   or otherwise discriminate against any person because the person has opposed any

22   practices forbidden [under the statute]."  Cal. Govt. Code § 12940(h).  Here,

---

23       [5] Along with Ana and Goncalo, Defendants French Concepts, Inc. and
24   French Concepts BH are covered employers within the meaning of the statute, and
     thus subject to FEHA, because they regularly employ five or more persons.  *See*
25   Cal. Govt. Code § 12926; *Martinez v. Combs*, 49 Cal. 4th 35, 76 (2010); TAC ¶
     152.  Ana and Goncalo are liable because they "directly or indirectly . . .
26   employ[ed] or exercise[d] control over the wages, hours, or working conditions" of
     the Plaintiffs.  *See Castaneda v. Ensign Group, Inc.*, 229 Cal. App. 4th 1015, 1019
27   (Cal. Ct. App. 2014).  Further, in accordance with exhaustion requirements, the
     FEHA Plaintiffs exhausted administrated remedies and received right-to-sue letters
28   within the time provided.  *Id.* ¶ 156.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

13       NOTICE OF MOTION AND MOTION IN SUPPORT OF
         PLAINTIFFS' REQUEST FOR DEFAULT JUDGMENT
         AGAINST ALL DEFENDANTS

1   Defendants terminated the FEHA Plaintiffs after they objected to Defendants'

2   practice of wage discrimination on account of their Filipino national origin.  *See*

3   *EEOC v. Global Horizons, Inc*., 904 F. Supp. 2d 1074 (D. Haw. 2012) (upholding

4   Title VII retaliation claim for complaints of unfair wages and working conditions).[6]

5          Defendants subjected the FEHA Plaintiffs to severe wage discrimination, by

6   paying significantly less than was paid to local, non-Filipino workers, requiring

7   longer work hours, and denying adequate breaks.  Alabado Decl. ¶¶ 43-44, 47;

8   Belidhon Decl. ¶¶ 43-44, 48; Cunanan Decl. ¶ 31-32; 34; Genito Decl. ¶¶ 31, 32,

9   34; Luis Decl. ¶ 38-41, 43.  In July 2013, the FEHA Plaintiffs complained that

10  similarly situated local, non-Filipino workers were treated better than they were.

11  *Id.*  Defendants then subjected them to a series of adverse actions including threats

12  to send them back to the Philippines, unmerited and arbitrary write-ups, and

13  ultimately unlawful terminations.  *Id.*; *see* TAC ¶¶ 93-97, 00, 102-04.

14         The FEHA Plaintiffs therefore seek an additional amount of compensatory

15  damages for emotional distress damages.  *See* Ex. 1.  They seek $250,000 per

16  person, because their unlawful terminations left them destitute, vulnerable and

17  fearful that Defendants would harm their families in the Philippines.  *See, e.g.*,

18  *Kelly-Zurian v. Wohl Shoe Co.*, 22 Cal. App. 4th 397 (Cal. Ct. App. 1994)

19  (upholding award of $125,000 for emotional distress); *Iwekaogwu v. City of Los*

20  *Angeles*, 75 Cal. App. 4th 803 (Cal. Ct. App. 1999) (upholding award of $450,000

21  for emotional distress); *Anderson v. American Airlines*, 352 Fed.Appx. 182 (9th

22  Cir. 2009) (upholding award of $1 million for emotional distress where economic

23  damages were $238,333).  Each FEHA Plaintiff was terminated for asserting their

24  right to be free of wage discrimination and suffered consequent emotional distress

25  directly related to the retaliation, as described below:

26  _____

27         [6] Courts routinely look to Title VII for guidance in interpreting FEHA,
    where, as here, FEHA provisions are similar to those in Title VII.  *Kohler v. Inter-*
28  *Tel Technologies*, 244 F.3d 1167, 1172 (9th Cir. 2001).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

14

NOTICE OF MOTION AND MOTION IN SUPPORT OF
PLAINTIFFS' REQUEST FOR DEFAULT JUDGMENT
AGAINST ALL DEFENDANTS

- <u>Ermita Alabado</u>.  Suffered extreme anxiety and difficulty sleeping due to fear of retribution.  Alabado Decl. ¶¶ 60-67.
- <u>Fernando Belidhon</u>.  Suffered extreme anxiety, depression, anguish, and difficulty sleeping due to fear of retribution.  Belidhon Decl. ¶¶ 58-65.
- <u>Romar Cunanan</u>.  Suffered extreme anxiety, humiliation, depression, and difficulty sleeping due to his termination and his fear of retribution.  Cunanan Decl. ¶¶ 49-54.
- <u>Elmer Genito</u>.  Suffered extreme anxiety, depression, and difficulty sleeping and nightmares due to his termination and his fear of retribution.  Genito Decl. ¶¶ 51-56.
- <u>Louise Luis</u>.  Suffered extreme anxiety, depression, humiliation, anguish, and loss of sleep and appetite because of Ana's treatment, and fear of retribution.  Louise Decl. ¶¶ 54-59.

      c.    *All Plaintiffs Are Entitled to Punitive Damages In An Amount Equal to Compensatory Damages*

Plaintiffs are entitled to punitive damages for their claims of human trafficking (cause of action one) and under FEHA (cause of action seven).  18 U.S.C. § 1595; Cal. Govt. Code § 12965(b).  Plaintiffs seek punitive damages in an amount equal to the compensatory damages sought in II.B.1(a)-(b), *supra*, in the total amount of $4,978,400.00.  *See Canal v. Dann*, 2010 WL 3491136, at *4 (N.D. Cal. Sept. 2, 2010) amended, 2011 WL 3903166 (N.D. Cal. Sept. 6, 2011) (punitive damages award in an amount equal to compensatory damages for trafficking claims); *Commodore Home Sys., Inc. v. Superior Court*, 649 P.2d 912, 918 (Cal. 1982) (In Bank) (punitive damages appropriate for FEHA claims); *see also Doe v. Howard*, 2012 WL 3834867, at *5 (E.D. Va. Sept. 4, 2012) (award of $2,000,000 in punitive damages for trafficking claims); *Gurung v. Malhotra*, 851 F. Supp. 2d 583, 595 (S.D.N.Y. 2012) (awarding to a single plaintiff $300,000 in punitive damages where emotional distress damages award was $500,000 for

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

15

NOTICE OF MOTION AND MOTION IN SUPPORT OF
PLAINTIFFS' REQUEST FOR DEFAULT JUDGMENT
AGAINST ALL DEFENDANTS

1   trafficking claims); *Shukla v. Sharma*, 2012 WL 481796, at *1 (E.D.N.Y. Feb. 14,

2   2012) (awarding $2.5 million in punitive damages for trafficking claims).

3        Plaintiffs seek punitive damages because of the egregious nature of

4   Defendants' intentional conduct and the severe emotional harm each of the

5   Plaintiffs has suffered, as detailed above in Sections II.B.1(a)-(b). *See* 18 U.S.C. §

6   1595; Cal. Govt. Code § 12965(b); *Canal*, 2011 WL 3903166 at *4; *Commodore*,

7   649 P.2d at 912. Plaintiffs request punitive damages in the amounts reflected in

8   the attached chart, that are equal to requested compensatory damages. *See* Ex. 1.

9        2.   *All Plaintiffs Are Entitled to Statutory Damages for Various Wage &*

10          *Hour Claims* (Claims 13-14, 16-19 and 23)

11        Plaintiffs' request for statutory damages arising from their wage and hour,

12   whistleblower and wage retaliation claims are meritorious and the TAC allegations

13   more than sufficient. *See Eitel*, 782 F.2d at 1471-72; TAC ¶¶ 207-23, 229-46, 262-

14   66.[7]

15        <u>Minimum Wages and Overtime Due (Claims 13 and 14)</u>. Under the federal

16   Fair Labor Standards Acts ("FLSA"), the greater of the applicable state or federal

17   minimum wage sets the rate for damages. *See* 29 U.S.C. § 218; 29 C.F.R. § 778.5.

18   Section 216(b) requires payment of both unpaid minimum wages or overtime, plus

19   an additional equal amount in liquidated damages. *Id.* § 216(b). California's

20   minimum wage rate was $8.00 per hour before July 1, 2014 and $9.00 per hour

21   thereafter. Overtime wages are defined as one-and-half times the higher of such

22

23        [7] Whether under state or federal law, all Defendants except the Aurora Trust

24   are jointly and severally liable either as employers or individually. Defendants
    French Concepts, Inc., French Concepts BH and Baratow LLC were Plaintiffs'

25   formal employers at various times. 29 U.S.C. § 203 (an employer is "any person
    acting directly or indirectly in the interest of an employer.") *Id.* Ana and Goncalo

26   are also individually liable because each had "ultimate control over day-to-day
    operations of business," and were "principally in charge of directing employment

27   practices, such as hiring and firing employees, requiring employees to attend
    meetings unpaid, and setting employees' wages and schedules." *See Chao v. Hotel*
    *Oasis, Inc.*, 493 F.3d 26, 34 (1st Cir. 2007). For theories of liability under

28   California law, *see* cases cited in footnote 5, *supra*.

worker's regular rate or the statutory minimum wage for hours worked in excess of forty hours per week. 29 U.S.C. § 207(a); *see* 29 C.F.R. 778.113. Plaintiffs have demonstrated that Defendants failed to properly pay minimum and overtime wages. *See* Ex. 1 (citing to Plaintiffs' declarations and providing specific calculations for each Plaintiff); TAC ¶¶ 53-61, 212-13.

The attached chart sets forth the amount of unpaid minimum wages and liquidated damages for each Plaintiff. *See* Ex. 1. The amount due to each Plaintiff was determined by calculating the difference between the amount paid and either the promised wage or the applicable minimum wage (whichever was higher), plus any overtime pay. In total, Defendants are liable to Plaintiffs for $422,027.91 in unpaid wages and an equal amount, $422,027.91, in liquidated damages. *Id*. at 1.

<u>Meal and Rest Break Violations (Claim 16)</u>. The California Labor Code requires an employer to provide a meal period of at least 30 minutes if the employee works for more than five hours per day and a second meal period of at least 30 minutes if the employee works for more than ten hours per day. Cal. Labor Code § 226.7. For each workday that the meal or rest period was denied, each Plaintiff is entitled to one additional hour of pay at the employee's regular rate of compensation, or the applicable minimum wage, for each workday. *Id.* § 226.7(c).

Defendants regularly failed to offer Plaintiffs meal and rest breaks of the required length and frequency. TAC ¶¶ 63-64. Plaintiffs have demonstrated that Defendants failed to allow lawful meal and rest breaks. *See* Ex. 1 (citing to Plaintiffs' declarations and providing specific calculations for each Plaintiff); TAC ¶¶ 63-64, 231. The amount due was calculated by multiplying the number of days each Plaintiff worked without meals or rest breaks by the applicable wage rate (whether the promised rate or the minimum wage, whichever was higher). The attached chart sets forth the number of days and amount due for missed meal and rest breaks. *See* Ex. 1 at 2. In total, Defendants are liable to Plaintiffs for

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
LOS ANGELES

17

NOTICE OF MOTION AND MOTION IN SUPPORT OF
PLAINTIFFS' REQUEST FOR DEFAULT JUDGMENT
AGAINST ALL DEFENDANTS

1    $117,063.22 for missed meal and rest breaks.  *Id.*

2    _Wage Statement Violations (Claim 17)_.  The California Labor Code requires

3    an employer to provide each employee with wage statements.  Cal. Labor Code §

4    226; *id.* § 226(e)(2)(a) (an employee suffers injury if not provided a wage

5    statement at all).  Damages for an employer's failure to provide wage statements is

6    capped at $4,000 per employee.  *Id.*§ 226(e)(1) (violations compensable at a rate of

7    "fifty dollars ($50) for the initial pay period in which a violation occurs and one

8    hundred dollars ($100) per employee for each violation in a subsequent pay period,

9    not to exceed an aggregate penalty of four thousand dollars ($4,000), as well as

10   costs and reasonable attorney's fees").

11   Plaintiffs have demonstrated that Defendants failed to provide required wage

12   statements.  *See* Ex. 1 (citing to Plaintiffs' declarations and providing specific

13   calculations for each Plaintiff); TAC ¶¶ 65, 235.  The amount due was calculated

14   by multiplying the number of wage statement violations for each Plaintiff by $50

15   for the first violation, and $100 for each violation thereafter.  The attached chart

16   sets forth the number of wage statement violations for each Plaintiff, for six of

17   whom the $4,000 damages cap is reached.  *See* Ex. 1.  In total, Defendants are

18   liable to Plaintiffs for $31,850.00 for wage statement violations.  *Id.* at 2.

19   _Retaliation (Claims 18 and 19)_.  The California Labor Code provides for two

20   $10,000 penalties for employer retaliation, or $20,000 total.  Employer retaliation

21   against an employee that reports to a government or law enforcement agency

22   information about the employer's labor practices warrants a $10,000 penalty.  Cal.

23   Labor Code § 1102.5(a)-(b), (f). [8]  A penalty is warranted if:  (1) Plaintiffs were

24   engaged in a "protected activity"; (2) Defendants subjected the Plaintiffs to an

25

26   [8] Plaintiffs are no longer required to exhaust administrative remedies before
     bringing a claim under this statute as the California Labor Code was amended
27   effective January 1, 2014 to clarify that there is no such requirement.  Cal. Lab.
     Code §§ 98.7(g), 244(a); *Tobin v. City & County of San Francisco*, No. 13-1504,
28   2015 U.S. Dist. LEXIS 77992, at *10 (N.D. Cal. June 16, 2015).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

18

NOTICE OF MOTION AND MOTION IN SUPPORT OF
PLAINTIFFS' REQUEST FOR DEFAULT JUDGMENT
AGAINST ALL DEFENDANTS

"adverse employment action"; and (3) the two are causally related.  *Patten v. Grant Joint Union High School Dist.*, 37 Cal. Rptr. 3d 113, 117 (Cal. Ct. App. 2005).  In addition, employer retaliation against an employee for exercising rights under the Labor Code, including complaints about unpaid wages, is prohibited and warrants a $10,000 penalty.  Cal. Labor Code § 98.6(a), (b)(3).

Plaintiffs have demonstrated that Defendants retaliated for lawfully reporting unlawful employment conditions to the Labor Commission.[9]  *See* Ex. 1 (citing to Plaintiffs' declarations and providing specific calculations for each Plaintiff); TAC ¶¶ 88-104, 239, 244-45.  First, Plaintiffs engaged in a protected activity when they disclosed information related their wages and hours to the Labor Commission during an audit of Defendants.  TAC ¶¶ 88-101; *see Patten*, 37 Cal. Rptr. 3d at 117; Cal. Labor Code § 1102.5(b); *id.* § 98.6(a).  Defendants also enforced a policy preventing all Plaintiffs from disclosing information to the Labor Commissioner.  *E.g.*, Alabado Decl. ¶ 52; Lariga Decl. ¶ 32; Puzon Decl. ¶ 38; TAC ¶¶ 88, 93-97, 99; *see Patten*, 37 Cal. Rptr. 3d at 117; Cal. Labor Code § 1102.5(a); *id.* § 98.6(a).

Second, Defendants issued adverse employment write-ups to Plaintiffs, threatened employment termination and then terminated Plaintiffs Luis, Alabado, Belidhon, Cunanan and Genito just before a Labor Commission hearing on February 10, 2015.  *E.g.*, Alabado Decl. ¶ 59-60; Lariga Decl. ¶ 38; Puzon Decl. ¶ 46; Santia Decl. ¶ 45 TAC ¶¶ 103-104; *see Patten*, 37 Cal. Rptr. 3d at 117; Cal. Labor Code § 1102.5(a)-(b); *id.* § 98.6(a).  Third, the adverse employment actions were directly related to the protected activity.  *E.g.*, Alabado Decl. ¶ 51-61; Lariga Decl. ¶ 31-38; Puzon Decl. ¶ 37-46; TAC ¶¶ 93-97, 99, 102-104 (threats tied to requests to lie to Labor Commission, terminations lacked merit, and adverse employment action occurred only after disclosure to Labor Commission and just

---

[9] Plaintiff Pablo is not included in this claim.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

19

NOTICE OF MOTION AND MOTION IN SUPPORT OF
PLAINTIFFS' REQUEST FOR DEFAULT JUDGMENT
AGAINST ALL DEFENDANTS

1    before a hearing); *see Patten*, 37 Cal. Rptr. 3d at 117; Cal. Labor Code §

2    1102.5(a)-(b); *id.* § 98.6(a).

3            The amount due was calculated by multiplying the number of violations, two

4    for each Plaintiff, by $10,000.  In total, Defendants are liable to all Plaintiffs,

5    except Pablo, under Labor Code §§ 1102.5 and 98.6 for $200,000.00 for retaliatory

6    conduct.  *See* Ex. 1 at 2.

7            <u>Waiting-Time Penalties (Claim 23)</u>.  Pursuant to Section 203 of the

8    California Labor Code, if an employer willfully fails to pay any wages due to an

9    employee who is discharged or quits, the wages of the employee shall continue to

10   accrue for not more than 30 days.  Cal. Lab. Code § 203(a).  As discussed,

11   Plaintiffs Pablo, Luis, Alabado, Belidhon, Cunanan and Genito have demonstrated

12   that Defendants failed to pay minimum wages, overtime, and statutory

13   compensation for missed meal and rest periods.  These six Plaintiffs either were

14   terminated or quit, and Defendants have not paid wages owed.  *See* Alabado Decl.

15   ¶ 41-42; Belidhon Decl. ¶ 40-41; Cunanan Decl. ¶ 28-29; Genito Decl. ¶ 28-29;

16   Luis Decl. ¶ 36-37; Pablo Decl. ¶ 58.  More than 30 days has elapsed since the

17   termination or resignation of each Plaintiff.  *Id.*  The amount due was calculated by

18   multiplying each Plaintiff's daily wage rate by 30 days.  In total Defendants are

19   liable to these six Plaintiffs for $18,479.70 for waiting-time penalties.  Ex. 1 at 2.

20

21           3.       *All Plaintiffs Are Entitled to Treble Unpaid Wages' Damages for*
                      *Defendants' Violations of RICO* (Claim 3)

22

23           Plaintiffs' request for treble damages against Defendants for unpaid wages

24   under the Racketeer Influenced and Corrupt Organizations Act ("RICO") is

25   meritorious and the TAC allegations more than sufficient.  *See Eitel*, 782 F.2d at

26   1471-72; TAC ¶¶ 132-149.  A civil RICO claim is established where the conduct

27   of an enterprise, through a pattern of racketeering activity, known as predicate acts,

28   causes injury to the plaintiff's business or property.  *See* 18 U.S.C. § 1962(c).

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
LOS ANGELES

20        NOTICE OF MOTION AND MOTION IN SUPPORT OF
          PLAINTIFFS' REQUEST FOR DEFAULT JUDGMENT
          AGAINST ALL DEFENDANTS

Defendants formed an associated-in-fact enterprise with one another[10] and engaged in a pattern of ongoing racketeering activity that harmed Plaintiffs for the benefit of Defendants. Treble damages are mandatory under RICO—courts do not have discretion to award a lesser amount. *See* 18 U.S.C. § 1964(c) (persons injured "shall recover threefold the damages").

Defendants engaged in ongoing racketeering activity, i.e., more than two related predicate acts. *See* 18 U.S.C. § 1961(5) (a "pattern" is "at least two acts"); *see also H. J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 239 (1989). The unlawful predicate acts include at least: forced labor, *see supra* Section II.B.1; submission of E-2 Visa applications for Plaintiffs that contained knowingly material falsehoods, *id.*; TAC ¶¶ 25, 27, 29, 31, 33, 34, 35-40, and; trafficking Plaintiffs by means of materially fraudulent representations about their working conditions, job duties, and pay, *see supra* Section II.B.1; TAC ¶¶ 26, 27, 29-34, 43-51, 52-64, 82-87. *See* 18 U.S.C. § 1589 (forced labor is a predicate act); *id.* § 1590 (trafficking with respect to forced labor is a predicate act); *id.* § 1546 (visa fraud is a predicate act); *id.* 1351 (fraud in foreign labor contracting is a predicate act); *see also* Ex. 1 (citing to Plaintiffs' declarations and providing specific calculations for each Plaintiff.

---

[10] Defendants Ana and Goncalo engaged in racketeering activity with French Concepts, Inc., French Concepts BH, and Baratow LLC, thereby forming an associated-in-fact enterprise. *See* 18 U.S.C. § 1961(3) (defining "person" as "any individual or entity capable of holding a legal or beneficial interest in property"); *id.* § 1961(4) (defining "enterprise" as "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity"). The associated-in-fact enterprise is evidenced by their common ownership, TAC ¶¶ 20-21, 43, 62; common management, *id.*; and that only one entity hired and paid Plaintiffs but they performed work for the benefit of all Defendants, *id.* ¶¶ 43-51. *See e.g.*, Pablo Decl. ¶ 40 (stating that Plaintiff Pablo often worked for Defendant French Concepts Inc.'s bakery and Defendant Baratow LLC's apartment complex and performed domestic chores for Defendants Ana and Goncalo all in the same day); Luis Decl. ¶¶ 16-18 (stating that Plaintiff Luis worked as a domestic servant at the residence of Defendants Ana and Goncalo and as a maintenance worker at the apartment complex of Defendant Baratow LLC while also helping prepare for the opening of Defendant French Concepts Inc.'s bakery during the same period).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

21

NOTICE OF MOTION AND MOTION IN SUPPORT OF
PLAINTIFFS' REQUEST FOR DEFAULT JUDGMENT
AGAINST ALL DEFENDANTS

1    Finally, Defendants caused injury to the Plaintiffs' property by failing to

2  properly pay minimum and overtime wages.  *See Doe I v. Reddy*, No. 02-5570,

3  2003 U.S. Dist. LEXIS 26120, at *14-15 (N.D. Cal. Aug. 4, 2003) (finding that

4  unpaid wages constitutes injury to property under RICO); *Javier v. Beck*, 2014

5  U.S. Dist. LEXIS 95594 (S.D.N.Y. July 3, 2014) (finding that trafficking

6  constituted basis for injury under RICO); *see also* Section II.B.2, *supra* (detailing

7  unpaid minimum and overtime wages).

8    Plaintiffs meet the requirements to establish Defendants' RICO violations

9  and are entitled to treble damages for unpaid minimum and overtime wages.  In

10  total, Defendants are liable to Plaintiffs for $1,266,083.73 under RICO.  Ex. 1 at 2.

11    *4.    Plaintiffs Seek Equitable Relief for Defendants' Fraudulent Transfers*
12    (Claims 29 and 30)

13    Plaintiffs are entitled to relief to mitigate the harm from the fraudulent

14  transfers of Ana and Goncalo in his capacity as trustee of the Aurora Residence

15  Trust ("Goncalo as Trustee").  Specifically, Plaintiffs ask the Court to:  (1) set

16  aside and nullify the two Deeds of Trust encumbering the Aurora Property; (2) set

17  aside the transfer of the Aurora Property to the Aurora Residence Trust; (3) enjoin

18  Ana and Goncalo as Trustee from further disposition of assets or transfer of any

19  proceeds; and (4) attach Ana's remaining assets, including the Aurora Property and

20  any other property still held by French Concepts, Inc. and French Concepts BH

21  (collectively, "Equitable Relief").  *See* Cal. Civ. Code § 3439.07(a)(1) (avoidance

22  of transfers and obligations to the extent necessary to satisfy claims); *id.* §

23  3439.07(a)(2) (attachment against assets transferred and their proceeds); *id.* §

24  3439.07(a)(3)(A) (injunction against further disposition of assets and their

25  proceeds).  Plaintiffs' claims for fraudulent transfer are meritorious and the TAC

26  allegations more than sufficient.  *See Eitel*, 782 F.2d at 1471-72; TAC ¶¶ 297-311.

27    An intentionally fraudulent transfer occurs when the debtor—here, Ana—

28  "made the transfer or incurred the obligation . . . [w]ith actual intent to hinder,

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

22

NOTICE OF MOTION AND MOTION IN SUPPORT OF
PLAINTIFFS' REQUEST FOR DEFAULT JUDGMENT
AGAINST ALL DEFENDANTS

delay, or defraud any creditor"—here, Plaintiffs.  Cal. Civ. Code § 3439.04(a)(1);

*see id.* §3439.01(c) (defining "creditor"); *id.* § 3439.01(e) (defining "debtor").  As

discussed in detail *supra*, Section II.D, Ana began surreptitiously selling assets

almost immediately after Plaintiffs filed this lawsuit and in order to reduce assets

to cash that could be transferred outside this Court's jurisdiction.  *See e.g.*, Ex. 6.

For example, Ana sold the apartment complex owned by Defendant Baratow LLC,

Ex. 6; encumbered the Aurora Property with the Deeds of Trust, Ex. 3-4;

transferred the Aurora Property to the Aurora Residence Trust, Ex. 5; scheduled

foreclosure on the Aurora Property, Ex. 7; and closed the L'Amande Bakeries,

Dkt. 41-1 at 9.  Ana's actions demonstrate actual intent to hinder and defraud

Plaintiffs from recovering for their claims.  For example:

- all transfers occurred after Plaintiffs filed this action, TAC ¶ 105, Exs. 2-6;
- Ana attempted to sell the Aurora Property with a shortened escrow period of 21 days,  TAC ¶ 106;
- the encumbrances on and foreclosure of the Aurora Property are for the benefit of an insider—Ana's father,  *Id.* ¶ 107, Exs. 2-3, 5;
- reasonably equivalent value was not exchanged for the Deeds of Trust,  *id.* ¶ 109, Exs. 2-3;
- the trustee of the Aurora Residence Trust is another insider—Ana's husband Goncalo, TAC ¶ 108, Ex. 4;
- the transfers constituted substantially all of Ana's assets, *See* Dkt. 41-1 at 9;
- Ana and Goncalo absconded and removed assets to the Philippines, *id*.

For the same reasons, Ana and Goncalo as Trustee are also liable for

constructive fraudulent transfer, and for which identical remedies are available.

Cal. Civ. Code § 3439.07. Ana encumbered the Aurora Property and transferred it

to the Aurora Residence Trust without receiving reasonably equivalent value in

exchange, and was rendered insolvent as a result of these encumbrances and

transfer.  *Id.* §§ 3439.04(a)(2), 3439.05 (constructive fraudulent transfer exists

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

23

NOTICE OF MOTION AND MOTION IN SUPPORT OF
PLAINTIFFS' REQUEST FOR DEFAULT JUDGMENT
AGAINST ALL DEFENDANTS

1   when assets are transferred without receiving reasonably equivalent value in

2   exchange); *see* TAC ¶¶ 107-110; Exs. 2-6.

3       5.      *Plaintiffs are Entitled to Attorney's Fees and Costs.*

4       Plaintiffs' request for attorneys' fees is meritorious and the TAC allegations

5   sufficient. *See Eitel*, 782 F.2d at 1471-72 . Attorneys' fees and costs are available

6   for all claims upon which Plaintiffs seek default judgment. *See* 18 U.S.C. §

7   1595(a) (claim one for human trafficking); Cal. Govt. Code § 12965(b) (claim

8   seven for FEHA retaliation); 29 U.S.C. § 216(b) (federal statute for claims 13-14,

9   16 for wage and hour claims);Cal. Lab. Code § 218.5(a) (state statute for claims

10  same); Cal. Lab. Code § 226(e) (claim 17 for wage statement violations);

11  *Jaramillo v. County of Orange*, 200 Cal. App. 4th 811, 829 (2011) (claim 18 for

12  retaliation); Cal. Labor Code § 98.6 (3) (claim 19 for retaliation); 18 U.S.C.

13  1964(c) (claim 3 for RICO); Cal. Civ. Code 3439.07(a)(3)(C) (claims 29 and 30

14  for fraudulent conveyance).

15      Plaintiffs therefore request reasonable attorney's fees in the amount of

16  $2,760,489, as fully described in the Romey and Hoq declarations.[11]  *See* Romey

17  Decl. ¶¶ 16; Hoq Decl. ¶ 2.  Plaintiffs also incurred costs in the amount of $56,184.

18  *See* Romey Decl. ¶ 16; Hoq Decl. ¶ 2.  The total amount of attorney's fees and

19  costs requested is $2,816,673.33.

20  **III.   CONCLUSION**

21      For the foregoing reasons, and in accordance with Rule 55, Plaintiffs

22  respectfully request the Court enter default judgment against Defendants and

23  award the requested relief.

24  Dated: September 25, 2015                Respectfully submitted,

25  _____

26      [11] In the alternative, Plaintiffs request reasonable attorney's fees pursuant to
    Central District of California Local Rule 55-3, which calculates reasonable
    attorneys' fees based on the amount of judgment.  Since the judgment is over
27  $100,000, attorney's fees would be $5,600 plus 2% of the amount over $100,000.
    *See* Local Rule 55-3.  Based on a judgment of $12,434,332.47, Plaintiffs are
28  entitled to reasonable attorney's fees totaling $252,286.6494.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

24

NOTICE OF MOTION AND MOTION IN SUPPORT OF
PLAINTIFFS' REQUEST FOR DEFAULT JUDGMENT
AGAINST ALL DEFENDANTS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LATHAM & WATKINS LLP

By     */s/* Michael G. Romey

     Michael G. Romey

ASIAN AMERICANS ADVANCING
JUSTICE—LOS ANGELES

By     */s/ Laboni Hoq*

     Laboni Hoq

     Attorneys for Plaintiffs

**NOTICE OF MOTION AND MOTION IN SUPPORT OF
PLAINTIFFS' REQUEST FOR DEFAULT JUDGMENT
AGAINST ALL DEFENDANTS**